# City of Mobile *v.* Webster.

*Injury on Account of Defective Street.*

(Decided June 4, 1912.    59 South. 185.)

*Municipal Corporation; Defective Street; Injuries; Notice of Defect.*—Where the complaint declared for damages for injury on account of the defective condition on the north side of P. street, between M. and C. streets, of which the defendant municipality had notice, it was not supported by evidence of a defect at the time of or for sometime before the accident on P. street about 150 feet east of C. street, and hence, was not sufficient to render defendant liable under the complaint.    (Section 1273, Code 1907.)

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Jane Hughes against the City of Mobile, revived in the name of Fannie Webster as administratrix, for damages for injury caused by defective sidewalks. Judgment for plaintiff and defendant appeals. Reversed and remanded.

B. BOYKIN BOONE, for appellant. The evidence was not sufficient to support the allegations of the complaint so as to render the defendant liable under section 1273, Code 1907.—*Parrish v. P. & A. R. R. Co.* 9 South. 696; *J. T. & K. W. Co. v. Galvin,* 16 L. R. A. 337; *L. & N. v. Johnson,* 79 Ala. *Bland v. City of Mobile,* 142 Ala. 142.

ALEX T. HOWARD, for appellee.    The evidence was sufficient to charge the defendant municipality with knowledge or notice of the defect complained of, and the court was not in error in rendering the judgment complained of.—*Albritton v. City of Huntsville,* 60 Ala. 486; 61 N. Y. 506; 76 N. Y. 619; 93 Tenn. 52; 19 Minn. 300; 42 Wis. 274.    Constructive notice may be inferred from continuance for a length of time.—*City Council v.*

*Wright*, 72 Ala. 420; *Birmingham v. Starr*, 20 South. 425; *Birmingham v. Poole*, 52 South. 938; *Anniston v. Ivey*, 151 Ala. 392.

WALKER, P. J.—Each of the counts of the amended complaint in this case upon which it went to the jury attributed the injury complained of to the defective condition of the sidewalks on the north side of Palmetto street, between Marine and Charles streets, in the city of Mobile, of which condition it was averred that the defendant (appellant here) had notice. These averments as to notice were in reference to a material ingredient of the causes of action alleged, as the statute (Code, § 1273) provides, in reference to an injury attributed to such a cause, that "no city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation * * * unless the said injury or wrong was done or suffered through the neglect, carlessness, or failure to remedy some defect in the streets, alleys, public ways or building, after the same had been called to the attention of the council, or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council."

Several witnesses were examined in behalf of the plaintiff, whose testimony tended to prove that the sidewalk on the north side of Palmetto street, at a place referred to by the witness as "about 150 feet east of Charles and Marine streets," was in bad condition at the time the plaintiff was hurt, and had been in such condition for some time before that. This was the only evidence tending to support the averments of the complaint in reference to the defendant having had notice of a defective condition of that sidewalk. Neither of these witnesses claimed to know anything about the happenings of the

injury to the plaintiff, or where it occurred. There was no testimony identifying the place at which the injury was sustained, other than that of the plaintiff herself. The following was her statement on this subject: "I was going home. There was some water standing; some water standing on the sidewalk just as I crossed Charles to go on to Marine. I tried to shun that water, not knowing that there was water on ahead of me, and I stepped into what looked like a hole, and this foot slipped, and it just threw me right around. Two of my ribs were broken." So she locates the place at which she was injured by stating that it was just as she crossed Charles street. This was at the corner or intersection of Charles and Palmetto streets, not at a place about halfway between these two streets, which was the only place at which there was any pretense of evidence tending to show that there was a defective condition of the sidewalk which had existed for such a length of time prior to the time of the plaintiff's injury as to raise a presumption of knowledge of such defect on the part of the defendant's council. So it appears that the testimony of the plaintiff's witnesses was in reference to a defective condition of the sidewalk at one place, and her testimony showed that the injury of which she complains of was sustained at another place. To entitle the plaintiff to recover, it was encumbent upon her to prove, not only that the injury complained of was caused by a defective condition of the sidewalk, but also that it was "done or suffered through the neglect, carelessness, or failure to remedy" such defect "after the same had been called to the attention of the council, or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council."

Even if the plaintiff's testimony may properly be re-

[Spearman v. McCrary.]

garded as sufficient to support an inference that the sidewalk, at the place where she was hurt, was in a defective condition at that time, yet there is an absence of any evidence tending to prove that the attention of the defendant's council had been called to such defect, or that it had then existed for such a length of time as to charge the defendant with knowledge or notice of it and with negligence because of its failure to remedy the defect. The evidence offered in support of the causes of action alleged was fatally deficient in a material respect. This being true, the court should have given the general affirmative charge requested in behalf of the defendant. Because of the error involved in the refusal to give that charge, the judgment must be reversed.

Reversed and remanded.