20 So.2d 52

### CITY OF ANNISTON v. SIMMONS.
#### 7 Div. 785.

Court of Appeals of Alabama.
Aug. 22, 1944.

Rehearing Denied Oct. 31, 1944.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

Chas. Douglass, of Anniston, for appellee.

RICE, Judge.

The action is for damages for personal injuries. The case made by the single count of the complaint is, in addition to the formal requirements, description of locus, allegation of injuries, etc., in substance —as stated here in brief filed on behalf of appellant: "That it (the City) breached this duty to plaintiff (appellee) in that on or about April 25th, 1942, it failed to have in reasonably safe condition for pedestrians a point in said intersection, *in that it negligently allowed to remain there one or more rocks, without firm anchorage* on or near the curb on the west side of said Cobb Avenue, just a few feet east from where the paving on that part of the north sidewalk of 14th Street stops, and approximately in line with the south side of said sidewalk paving; that plaintiff, on said date, in crossing 14th Street, *stepped on one of the said infirmly placed rocks, which* *gave way,* and, as a proximate result thereof, she fell to the ground." (Italics supplied by said counsel.)

Correctly—still quoting from said brief of distinguished counsel for appellant —they say: "It will be noted from the underlined portion of the above quotation that plaintiff based her suit upon the fact that the City had 'allowed to remain there one or more rocks, without firm anchorage.' This of course brings her case within the second class of claims mentioned in the Code of Alabama of 1940, Title 37, Section 502. There is no evidence in the case that the alleged defect had been called to the attention of the City Commissioners, and therefore the plaintiff must show that the alleged defect had existed for such an unreasonable length of time as to raise a presumption of knowledge of the defect on the part of the City Commissioners."

Commendably, then, in aid of the Court, the said counsel go on to say: "To boil the proposition down, plaintiff in this case in order to be entitled to recover must have shown that 'one or more rocks without firm anchorage' were present at the scene of the accident for such an unreasonable length of time before the accident as to raise a presumption of knowledge of such defect on the part of the City Commission." This is, indeed, the law. City of Mobile v. Webster, 4 Ala.App. 470, 59 So. 185.

And, in the light of the correct admissions of learned counsel for appellant, it is at once apparent that the question of whether or not the testimony offered on behalf of appellee made a case to be submitted to the jury resolves itself into one purely of fact.

There was a photograph of the scene of the accident offered in evidence. And we have no difficulty in saying that it was sufficiently "shown by extrinsic evidence to be a true and faithful representation of the place or subject it purports to represent as it existed at a time pertinent to the inquiry"—in other words, the scene of the accident at the time of the accident.

Where this is true, it was of course properly admitted in evidence. 32 C.J.S., Evidence, § 715, p. 620; 20 Amer.Jur. 611; Louisville & N. R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877.

538

Naturally, the photograph could not have been made simultaneously with the accident—we believe the accident happened after dark. But "the mere fact, * * * that photographs were taken at a time different from that in question does not render them inadmissible if witnesses are able to verify them as substantial representations of the conditions as they existed at the time in question." 20 Amer. Jur. 611.

We do not see the necessity of detailing the appellee's testimony, but we have carefully examined same; and, to our minds, it is subject to no other construction than that the photograph admitted in evidence correctly represents the conditions at the scene of the accident, at the very moment the same occurred.

It is not controverted that plaintiff, appellee, fell and suffered the injuries complained of. The place where she fell is not the subject of dispute.

But appellant contended, and offered substantial testimony to prove, that appellee was caused to fall, not by any defect in the street, but by some dogs—one of which was on a leash held by appellee's niece who was accompanying her—getting tangled up in a fight around appellee's feet, and tripping her. The case was peculiarly for the jury.

Appellee's testimony supported the verdict. If it was weaker than that to a contrary effect offered by the City, it was not enough weaker to "shock the conscience."

The photograph, we think, bears out her contention that the condition where she fell was of long duration; in fact it, in connection with all the testimony, makes it pretty clear that the condition was created by the City.

The case was tried on the issue of whether her fall was caused by the condition of the street, or by a dog fight. Nothing else seems to have been contested.

The City lost the decision.

What we have said hereinabove discloses, we trust, our opinion that there is merit in no assignment of error argued here.

The judgment must be affirmed. And it is so ordered.

Affirmed.

CARR, J., not sitting.