James MOORE, Appellant,

v.

**LOUISVILLE & NASHVILLE RAIL-ROAD COMPANY, Inc.,**
Appellee.

Lee HILL, Appellant,

v.

**LOUISVILLE & NASHVILLE RAIL-ROAD COMPANY, Inc.,**
Appellee.

Nos. 15447, 15448.

United States Court of Appeals
Fifth Circuit.

June 8, 1955.

Albert S. Gaston, Douglas Stanard, Mobile, Ala., for appellants.

Charles B. Arendall, Jr., W. B. Hand, Mobile, Ala., Smith, Hand, Arendall & Bedsole, Mobile, Ala., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought separately but consolidated for trial, each of the suits was for damages alleged to have been sustained by the plaintiff in a crossing collision between the automobile in which he was riding as a gratuitous passenger and the locomotive of a railroad train operated by the defendant.

The claim in each suit was that the defendant's train was at and prior to the collision being negligently operated and as a proximate result thereof the plaintiff was injured and damaged in the amount sued for.

The defenses to each claim were a denial of the charges made against defendant and a claim on its part that the plaintiff was himself guilty of negligence which proximately contributed to cause his injuries.

The causes were tried on the issues thus joined, and defendant's motion to direct a verdict for it and plaintiffs' motions to strike the defense of contributory negligence for want of evidence denied, they were submitted to the jury on an oral charge, to which no exception was taken. A verdict and judgment in each case for the defendant followed, and plaintiffs have appealed.

Here, under twenty-three numbered points, appellants put forward three general grounds of error. As detailed they are: (1) Points 1 and 2, the admission in evidence of photographs offered by the defendant;[1] (2) Points 12 to 17, inclusive, take the form of general propositions, that the court should charge the jury as requested in the special charges dealt with in the other points; Points 3 to 8, inclusive, and Points 12 to 23, inclusive, deal with claimed errors in refusing to give charges requested by plaintiff;[2] and (3) Points 9, 10 and 11, the submission to the jury of the question of contributory negligence.[3]

Appellee counters these claims of error with the insistence: (1) that upon the record made there was no error in ad

---

1. Plaintiffs' objection to the photographs was that it was not sufficiently shown that they were correct portrayals of the conditions existing at the time of the accident, and that, therefore no sufficient predicate had been laid for their introduction.

2. Charges 6 and 7 deal with the measurement of damages; charges 12, 13, 14, 15 and 16 deal with the obligations imposed on the defendant by law; charges 17, 18 and 19 in substance instruct the

jury that the negligence of the driver could not be imputed to the plaintiffs; charges 20, 21, 22 and 23, charge verbatim the contents of Sections of the Alabama Code.

3. These points take the form of an insistence that it was error to submit to the jury the issue of plaintiffs' contributory negligence and to refuse to give written charge No. 25, directing a verdict on the issue of contributory negligence.

mitting the photographs; (2) that the court properly and fully instructed the jury in a charge to which no exception was taken, and that it committed no error in ruling on appellants' requested charges; and (3) that, upon the record and under settled Alabama law, the court did not err in submitting the issue of plaintiffs' contributory negligence. In addition it puts forward as a counter claim of its own that the court erred in refusing defendant's motion to instruct a verdict in its favor.

▉ For the reasons hereafter briefly stated, we are of the opinion that the appellee has the right of it and that the judgment must be affirmed. In so far as appellants' attack upon the judgment is based upon the claim that as matter of law the jury should have found the defendant negligent, its attack must fail because appellants did not move for an instructed verdict on that issue, but submitted the case to the jury without doing so, and under settled law,[4] the question of the sufficiency of the evidence to support the jury's finding that the defendant was not negligent is not before us for decision. We must approach the decision of the case, therefore, from the basic premise that the jury's finding, that the defendant was not guilty of negligence, may not be challenged here, and the judgment must, therefore, be affirmed unless there was procedural error in the course of the trial, either in the form of rulings on evidence or in the refusal of requested charges which affected that finding. Further, since appellants made no objection and took no exception to the general charge of the court, it must be assumed by us that, except to the extent that one or more of the plaintiffs' requests which were refused by the court were erroneously and prejudicially refused, the case was properly submitted to the jury. For, under Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., a litigant may not complain of a charge unless he has specifically pointed out the error and given the court an opportunity to correct it.

▉ With these basic rules in mind, we turn to the claimed errors to take up first the admission of the photographs. While this, if erroneous and prejudicial, would go to the whole case, we are in no doubt that there was no error in admitting them. In the first place, the admission of this kind of evidence is largely within the discretion of the court. Dunn v. Jefferson Standard Life Ins. Co., 5 Cir., 123 F.2d 815; Morgan v. Sun Oil Company, 5 Cir., 109 F.2d 178; Rule 61, Federal Rules of Civil Procedure, and under the evidence in this case it was well within the court's discretion to admit them. City of Anniston v. Simmons, 31 Ala.App. 536, 20 So.2d 52; Kortz v. Guardian Life Insurance Co., 10 Cir., 144 F.2d 676; Wigmore on Evidence, Sec. 792–3.

▉ Of the claimed errors in refusing to give to the jury plaintiffs' requested charges 6 and 7, dealing with the question of allowable damages, it is sufficient to say, that since they deal with damages only, they could not have affected the jury's determination of liability and if error, the error was harmless, and, in addition, the court's charges, including the charges given at plaintiffs' request amply submitted this issue to the jury.

▉▉ As to charges 12, 13, 14, 15 and 16, since we agree with the appellee that these charges were more than adequately covered by the court's oral instructions, it will serve no useful purpose for us to analyze each of the charges to determine whether it was in itself a correct statement of the law, for it is well settled that a court is not required to repeat instructions on particular phases, indeed it should not do so. Home Insurance Co. of New York v. Tydal, 5 Cir., 152 F.2d 309; L. A. Wood & Co. v. Taylor, 5 Cir., 154 F.2d 548. This is particularly so where, as here, the plaintiff has made no objection to the general charge and has not, as required in Rule 51 of the Federal

---

4. Boudreaux v. Mississippi Shipping Co., 5 Cir., 222 F.2d 954, and cases cited.

Rules of Civil Procedure, pointed out wherein charges requested but not given are necessary to supply omissions in the general charge which were not pointed out and objected to. Cf. Alcaro v. Jean Jordeau, Inc., 3 Cir., 138 F.2d 767; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923; Hower v. Roberts, 8 Cir., 153 F.2d 726. The same observations apply equally to the claimed errors of the court in refusing to give plaintiffs requested charges 20, 21, 22, 23, which are mere copies of the statutory language in Sections 170, 171, 172 and 173 of Title 48 of the Code. In addition, we agree that the giving of such abstract statements without application to the facts of the case are not favored, and if the court could properly have given any of these charges, it was certainly, in view of the general charge, not prejudicial error to fail to give them.

We thus come to the claims of which appellants make the most: (1) that plaintiffs' motion to strike the defense of contributory negligence should have been sustained; (2) that the issue of contributory negligence should have been taken from the jury; (3) that the general charge instructing the jury that the negligence of the driver of the car could not be imputed to the plaintiffs was confused and confusing; and (4) that plaintiffs' requested charge on this issue was correctly phrased and should have been given.

■■ It is certainly well established law, as contended for by appellants, that negligence of the driver of an automobile is not imputed to a gratuitous passenger. It is equally well established, though, both in Alabama and elsewhere,[5] that such a passenger is not absolved of personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury, that is

such care as would be exercised by an ordinarily prudent person under like circumstances. Under that rule there was ample evidence from which the jury could have found the appellants guilty of contributory negligence. One of them, Hill, was seated in the front seat in a position to observe the approaching train, and it was for the jury to say whether he took proper steps to discharge the duty cast upon him to warn the driver or otherwise exercise reasonable care for his own safety. Both of appellants had been over this crossing on many previous occasions, and there was nothing about the situation which was not completely familiar to them. It was, therefore, for the jury, taking into consideration all of the circumstances of their approach to the track, and their conduct after the car had been struck, to determine whether they did or did not act as reasonably prudent persons should.

■ As to appellants' claim that the charge of the court on the issue of imputed negligence was confusing and that their requested charges should have been given to correct that confusion, the short and simple answer is that they did not, when asked for their objections to the charge, point out any, and, further, they did not, as it was their duty to do, point out wherein the charges requested by them on the issue of imputed negligence were necessary to correct the omission or defect in the court's charge, of which they now complain but which they did not complain of or even point to on the trial.

This is the portion of the general charge on this issue which is complained of as confusing and inadequate: "It is my conception of the law under the facts as set out in this case that any contributory negligence on the part of the plaintiffs would not be negligence of the

5. King v. Brindley, 255 Ala. 425, 51 So.2d 870; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Birmingham Ry., Light & Power Co. v. Barranco, 203 Ala. 639, 84 So. 839; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Aaron v. Martin, 188 La. 371, 177 So. 242; Scruggs v. Baltimore & O. R. Co., 287 Ill.App. 310, 4 N.E.2d 878; Louisiana & Arkansas Ry. Co. v. Jackson, 5 Cir., 95 F. 2d 369; McCoy v. Ferguson, 249 Ky. 334, 60 S.W.2d 931, 90 A.L.R. 895.

**218**

driver of the automobile attributed to them, but it would be some negligent act that plaintiff himself did which proximately contributed to his own injury." It is true that, read hastily and without thought, there does appear to be some confusing circumlocution in the charge. When, however, it is attentively read, its meaning is quite clear. Following the statement in the charge that the jury look further and see whether either of the plaintiffs were guilty of negligence which proximately caused his own injury, the court goes on to say *that the plaintiffs were gratuitous passengers, that there was no agency between plaintiffs and the driver of the car, and that, under the facts of the case, the negligence of the driver of the car would not be attributed to the plaintiffs,* but that the contributory negligence which would bar them must be "some negligent act that plaintiff himself did which proximately contributed to his own injury".

Thus the predicate, on which plaintiffs base their claim of error that the court erred in not giving their charges on the issue of imputed negligence, falls, first, because the point was not made below, when the court could have corrected it if it needed correction, and second, because there was no error in the charge, and if the requested charges were correct statements of law, the failure to give them was not prejudicial error.

This being so, it is not necessary for us to undertake to determine the correctness of appellee's opposing contention, that the requested charges were in themselves erroneous.

In view of our conclusion that none of plaintiffs' claims point out errors which affected the trial with error to their prejudice, we forego a discussion of appellee's general counter claim, that the undisputed evidence established that defendant was not negligent and was, therefore, entitled to the affirmative charge.

No prejudicial error appearing, the judgment is

Affirmed.