UNITED STATES of America,
Plaintiff-Appellee,

v.

Henry BAPTISTE, Defendant-Appellant.

No. 78–5673.

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1979.

---

James A. McPherson, New Orleans, La., for defendant-appellant.

Donald L. Beckner, U. S. Atty., C. Michael Hill, Asst. U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before WISDOM, HILL and VANCE, Circuit Judges.

VANCE, Circuit Judge:

Henry Baptiste appeals his conviction under 18 U.S.C. § 1623 for making false declarations before a grand jury and using documents containing a false and material declaration in his grand jury testimony. He was sentenced to pay a fine of one thousand dollars and to three years probation. We affirm.

Baptiste testified before a grand jury which was investigating Community Advancement, Inc. (CAI), an organization that had received federal funds to provide social services to poor people in Baton Rouge, Louisiana. The investigation centered on whether CAI officials had skimmed the federal funds. Baptiste was questioned in connection with printing work he had done for CAI. At trial, the government's evidence showed that in his grand jury testimony Baptiste misstated the cost of such work, misstated his profit and produced a false invoice.

■ On appeal Baptiste first argues that the trial court erred in instructing the jury that his testimony before the grand jury was material for purposes of 18 U.S.C. § 1623. He contends that the jury should have been allowed to determine materiality for itself and that the trial court's instruction in effect amounted to partial direction of a verdict of guilty. Baptiste concedes that his position is contrary to the law of this circuit. *United States v. Damato,* 554 F.2d 1371 (5th Cir. 1977). Baptiste's contention on this point must therefore be rejected.

■ Baptiste also contends that, if materiality is a question for the court to decide, the trial court erred in allowing the jury to hear testimony going to materiality. He relies on the correct statement of law in *Damato* that

The issue is a question to be decided by the court and is not an issue for the jury to determine. Since this is so, evidence bearing solely on materiality should be received outside the presence of the jury.

*Id.* at 1373 (footnotes omitted). There are three problems facing Baptiste in connection with this later contention. First, the testimony of the witness in question did not bear solely on materiality but related to other issues as well. *See Harrell v. United States,* 220 F.2d 516, 520 (5th Cir. 1955). Second, when the testimony was given, Baptiste's counsel was taking the position that the issue should be submitted to the jury. The record does not evidence a clear objection to the witness' testimony. Although Baptiste's counsel voiced three objections to the testimony in question, the first two did not address the issue and in the context of his present contention his third objection was at least ambiguous. Third, Baptiste's grand jury transcripts, which had been admitted into evidence without defense objection, contained essentially the same material as did the challenged testimony. Any error made by the trial judge in connection with the live testimony was harmless. It could not have prejudiced Baptiste any more than the transcript of his own grand jury testimony.

■ A more serious question is presented in connection with the trial court's erroneous instruction that

Proof beyond a reasonable doubt is the kind of proof that you would be willing to rely and act upon in the management of your own personal affairs.

This instruction was incorrect but was not objected to by Baptiste. The trial court will therefore be reversed only if the instruction constituted plain error. Fed.R. Crim.Pro. 52(b). Our inquiry is whether the court's charge, taken as a whole, adequately conveyed the correct meaning of reasonable doubt to the jury as opposed to focusing on whether one sentence in the charge was not proper. *United States v. Vitale,* 596 F.2d 688, 690 (5th Cir. 1979). The offending instruction was identical to the one in *Vitale.*[1] As in that case we find that the charge as a whole adequately conveyed to the jury the correct meaning of reasonable doubt.

This case was tried eleven months before *Vitale* condemned the offending sentence. Because it did not quote the instruction, *Vitale* could not serve as a warning to trial judges. After today's decision, however, there should be no occasion for repetition of the erroneous form instruction as to reasonable doubt. Further use of this instruction, however supplemented, unnecessarily invites reversal.

We have considered Baptiste's other claims of error and find them to be without merit.

AFFIRMED.

---

1. The attorneys for both sides and the trial judge are the same in this case as in *Vitale.* The similarity of the two instructions, which is not apparent without reference to the record since the instruction was not quoted in *Vitale,* was brought to our attention during oral argument.