**UNITED STATES, Appellee,**

v.

**Larry E. RICHENDOLLAR, Staff
Sergeant U.S. Army, Appellant.**

No. 53,545.

CM 446397.

U.S. Court of Military Appeals.

June 23, 1986.

For Appellant: *Colonel Brooks B. La-
Grua, Lieutenant Colonel Arthur . L.*
*Hunt, Major Stephen R. Dooley, Captain
David L. Carrier* (on pleadings).

For Appellee: *Colonel James Kucera,
Lieutenant Colonel Adrian J. Gravelle,
Lieutenant Colonel Gary F. Roberson,
Captain Erik M. Stumpfel* (on pleadings).

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted of two specifications of "tak[ing] immoral and improper liberties with ... a female under sixteen years of age," in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The allegations were that, in each incident, appellant exposed himself to one of the victims shortly after she stepped off an elevator in which appellant was the only other occupant. The military judge, sitting as a general court-martial, sentenced appellant to a bad-conduct discharge, confinement for 9 months, partial forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Military Review affirmed in a short memorandum opinion. Though appellant could not have been prejudiced on the facts of this case, *see infra*, an omission in the Court of Military Review's opinion warrants comment.

The issue concerns trial defense counsel's efforts to introduce several photographs, taken by him, which purportedly depicted the view of a ninth-floor balcony of a building, as seen from a playground below. The building was where both of the alleged incidents occurred. After one of the exposure episodes, the 14–year-old friend of one of the victims, while standing on the playground, purportedly identified appellant as the person standing on the balcony in question. This friend had been riding on the elevator with appellant and the victim just before the incident occurred. After the incident—but before she heard about it—the friend happened to be on a nearby ninth-floor balcony herself and had seen appellant there, recognizing him from

the elevator. Later, when the friend met the victim on the playground and learned of the incident, she looked up to the balcony and identified the person standing there as appellant. The victim, by contrast, was unable to identify the person as appellant due to the distance.[1]

Obviously, defense counsel's intent was to suggest the unlikelihood of a reliable identification from such distance—a point which the judge could hardly have missed. Nonetheless, counsel sought to authenticate the pictures by means of his own testimony or that of his legal clerk, who had been present when the negatives were exposed. The judge, however, refused to admit the photographs on the ground that counsel would have to become a witness for the defense.[2] The judge did, however, offer the defense an opportunity to have a photographer from the Criminal Investigation Command (CID) take equivalent photographs and to introduce those photographs in evidence. The defense failed to take the judge up on this offer.

■■ The Court of Military Review's opinion aptly notes both that the military judge erred in excluding the evidence on the ground given and that appellate review of the error was waived. However, the court's opinion omits to mention the propriety of the alternately proposed means of authentication. "The requirement of authentication ... as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Mil.R.Evid. 901(a), Manual for Courts-Martial, United States (1984). Ordinarily, a

photograph may be authenticated by the testimony of a witness who is familiar with the scene depicted and states that the photograph is an accurate representation of that scene. *See United States v. Brannon*, 616 F.2d 413 (9th Cir.), *cert. denied*, 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980); *United States v. Oaxaca*, 569 F.2d 518 (9th Cir.), *cert. denied*, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978); *United States v. Richardson*, 562 F.2d 476 (7th Cir.1977), *cert. denied*, 434 U.S. 1021, 98 S.Ct. 746, 54 L.Ed.2d 768 (1978). The testimony of the actual photographer is unnecessary. *United States v. Clayton*, 643 F.2d 1071 (5th Cir.1981). Under this traditional "pictorial testimony theory," the photograph is then incorporated by reference into the testimony of the authenticating witness and is admissible as an illustration of that witness' testimony. *See McCormick's Handbook of the Law of Evidence* § 214 (E. Cleary 2d ed. 1972); 3 Wigmore, *Evidence* § 790 (Chadbourn rev. 1970). Here, the clerk's testimony, if as proffered, would have been sufficient to authenticate the photographs. Indeed, this proposition of law is so elemental that we cannot but suspect the military judge simply failed to note the proffer, which was mentioned only once and apparently in passing. In any event, under the circumstances, appellant was not prejudiced.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge SULLIVAN did not participate.

---

1. Both of the charged offenses occurred in very close proximity to the victims; both girls got a good look at the perpetrator's face and were able to identify appellant on that basis.

2. Rule 3.7(a), A.B.A. Model Rules of Professional Conduct (adopted August 2, 1983) provides:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.