**STATE of Delaware**

v.

**Olridge BOOKER, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: May 9, 1988.
Decided: May 9, 1988.
Issued: May 10, 1988.

Thomas E. Carluccio, Dept. of Justice, Wilmington, for the State.

Nancy Jane Perillo, Office of the Public Defender, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

The State of Delaware has filed a motion *in limine* to determine the admissibility of a video tape recording of a purported incident of shoplifting on December 31, 1986 at the Sears store located at Prices Corner, Delaware. The defendant objects to admission of the tape.

The issues presented by this motion are: 1) the foundation which must be laid for admission of a remote video camera recording; and 2) the use of a duplicate recording. In this case the video camera was controlled by a store security officer who was able to view the scene through video monitors in a control room. There are thirty-two cameras located throughout the store. These cameras are simultaneously transmitting to monitors visible to the security officer on duty. Three of those cameras were focused upon the defendant in this case at the time in question. The officer chose one camera to record that which he observed.

The defense challenges admission of the recording on the basis that there is no one to authenticate that the camera was, in fact, accurately transmitting that which was occurring on the floor of the store. That is to say that the officer could only see what was transmitted to him by the camera, not what was actually occurring. The security officer testified upon *voir dire* that what he recorded accurately reflected the scene as he observed it from three separate cameras transmitting to his control booth.

The Court is convinced that a contemporaneously recorded video tape may be authenticated as an accurate representation of what was observable upon the television monitor without independent verification that the transmission was accurately reflecting the scene being transmitted. *See* D.U.R.E. 901(a), (b)(1). The authentica-

tion that is required is that the recording is what it is claimed to be, i.e. a recordation of that which appeared on the monitor. *Vouras v. State*, Del.Supr., 452 A.2d 1165, 1169 (1982). The issue of accurate transmission by the television camera itself would be an issue going to the weight to be given the evidence, not one as to admissibility of the video tape.[1]

■ Defendant next contends that the tape should not be admitted as the original tape has been destroyed. At *voir dire*, the Sears security officer testified that when he was advised that a capias was issued for the defendant, he mistakenly assumed the case had been terminated. As a result, the original video tape recording was destroyed. Further testimony was elicited that the entire tape in question had been re-recorded onto another tape for training purposes. That tape was preserved. The officer further testified that the re-recording was identical to the original recording.

The training tape would clearly fit the definition of a "duplicate" under the Rules of Evidence.

> A "duplicate" is a counterpart produced by ... electronic re-recording ... which accurately reproduces the original. D.U.R.E. 1001(4).

Likewise, the rules provide that a duplicate is admissible to the same extent as the original unless a genuine issue is raised as to its authenticity. D.U.R.E. 1003. As the Court has ruled that the tape has been properly authenticated; and as there is testimony that the duplicate accurately reflects the substance of the original, the tape is admissible in evidence.[2]

The State's motion *in limine* is GRANTED; the video tape may be admitted into evidence.

IT IS SO ORDERED.

---

**1.** *See also, U.S. v. Taylor*, 5th Cir., 530 F.2d 639 (1976) "silent witness theory"; *U.S. v. Wilson*, 10th Cir., 719 F.2d 1491 (1983); and *State v. Pulphus*, R.I.Supr., 465 A.2d 153 (1983).

**2.** The Court orders that the title of the training tape "Best of Sears Shoplifting" be redacted.