IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30184
_____

CORA GREEN, Individually and as the adminstrator of
the deceased, Ronald Eugene Green; MARTINA ROWE, on
behalf of the minor child, Teaera Jackson; RONALD
CAVERS, the father of the deceased, Ronald Eugene
Green,

Plaintiffs-Appellants,

v.

KENNETH STELLY; THE CITY OF BATON ROUGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-3258)
_____

October 15, 1999

Before POLITZ, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Cora Green ("Green") appeals from the district
court's rulings admitting evidence of pliers found in decedent
Ronald Green's car. She further appeals the admittance of
certain comments made by defense counsel during opening and
closing argument. Finally, she appeals the district court's
conclusion that Green has no constitutional liberty interest in
the companionship of her son, Ronald Green. We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

# I.    Facts and Procedural Background

Just after 1:00 am on June 19, 1996, Officers Kenneth Stelly ("Stelly") and Christopher Polito ("Polito") were patrolling a high crime area in Baton Rouge, Louisiana.  The officers observed a suspicious individual, who, investigation revealed, was carrying a crack pipe.  Officers Otis Nacoste ("Nacoste") and Kevin Heinz ("Heinz"), with whom Stelly and Polito were working, placed the suspicious individual in their police car and proceeded to the nearest precinct station.  Stelly and Polito remained behind to continue their patrol of the area.

Within seconds of Nacoste and Heinz's departure, Stelly and Polito encountered Gordon Byrd ("Byrd"), standing by a car, putting something in his pocket.  Upon seeing the officers, Byrd fled; Polito gave chase on foot.  Stelly parked the police car, intending to aid Polito on foot; however, upon exiting his vehicle, Stelly immediately noticed that the door of the car next to which Byrd had stood was partially open, and extending out of that space was someone's leg.  Stelly commanded the occupant, "Driver, show me your hands!"  The driver, Ronald Green, remained still, so Stelly repeated the order twice more.

As Stelly then moved forward, Ronald Green spun around, allegedly holding a pair of silver pliers in his right hand. Stelly, mistaking the pliers for a gun barrel, fired a single shot to Ronald Green's head, killing him.

Cora Green, Ronald Green's mother, filed suit against Stelly

2

and the City of Baton Rouge[2] on July 9, 1996, alleging excessive force in violation of 42 U.S.C. § 1983.  The district court held a trial in the matter in November, 1997, after which the jury returned a verdict in favor of the defendants.

Green timely filed her appeal.

## II.    Admission of Evidence

We review a district court's decision to admit evidence for an abuse of discretion.  See United States v. Izydore, 167 F.3d 213, 218 (5th Cir. 1999).  "The admissibility of evidence is subject to the same standards and rules that govern the admissibility of evidence at trial."  Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 504 (5th Cir. 1999).  We will not reverse a district court's evidentiary rulings unless they result in substantial prejudice to the complaining party.  See id.; see also Fed. R. Evid. 103(a).  Proving substantial evidence is the burden of the complaining party.  See FDIC v. Mijalis, 15 F.3d 1314, 1319 (5th Cir. 1994).

Green argues that the district court improperly admitted evidence relating to the pliers.  Specifically, Green contends that the district court admitted a photograph of the accident scene, depicting a pair of pliers on the floorboard underneath where Ronald Green's right hand hung off the front seat, without

---

[2]  On appeal, Green raises no arguments disputing the jury's finding that the City of Baton Rouge properly trained Stelly.  She therefore has abandoned any claims she had in this regard.  See Fed. R. App. Proc. 28(a)(9); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) ("[Appellant] has abandoned these arguments by failing to argue them in the body of his brief.").

proper foundation.  Moreover, Green maintains that the district court admitted the pliers themselves without evidence establishing that the pliers introduced in court were the same pliers found at the accident scene.

Stelly counters that ample eyewitness testimony placed the pliers at the accident scene, which provides sufficient foundation for admission of the photograph.  Stelly also avers that Heinz identified the pliers introduced into evidence as the pliers found on Ronald Green's floorboard.

We hold that the district court did not abuse its discretion in admitting the photograph or the pliers.  With respect to the photograph, Detective Ike Vavasseur ("Vavasseur") testified that he arrived at the accident scene at 1:25 am and directed the photographer to take the photograph approximately 30 minutes later.  He further testified that the photograph represented an accurate and fair description of the accident scene.

Pursuant to Federal Rule of Evidence 901, all that is necessary for authentication is "evidence sufficient to support a finding that the matter in question is what its proponent claims."  A witness authenticating a photograph need not be the photographer, nor need he know the condition or mechanism of the photography process.  See United States v. Clayton, 643 F.2d 1071, 1074 (5th Cir. Unit B 1981); United States v. Rochan, 563 F.2d 1246, 1251 (5th Cir. 1977).  We hold that Vavasseur's testimony is sufficient to support a finding that the photograph depicted the layout of Ronald Green's body and its proximity to

4

the pliers after the shooting.

The pliers themselves, likewise, had a sufficient foundation for admission. Heinz testified on direct examination that the pliers introduced at trial were the pliers he saw, on the floorboard in Ronald Green's car, the night of the shooting. Therefore, the district court did not abuse its discretion in admitting the evidence concerning the pliers.

### IV.    Argument to the Jury

Before setting forth the parties arguments and our analysis, we observe that Green made no objection to Stelly's counsel's arguments to the jury during opening and closing argument. Where the complaining party did not object during trial, we review a trial court's decision to permit an attorney's argument to the jury under the plain error standard. See United States v. Munoz, 150 F.3d 401, 415 (5th Cir. 1998). "Improper comments . . . by counsel will not warrant reversal unless they so permeate the proceedings that they impair substantial rights and cast doubt on the jury's verdict." Bufford v. Rowan Cos., Inc., 994 F.2d 155, 157 n.1 (5th Cir. 1993).

Green contends that the following statements were improper. During opening statement, Stelly's counsel told the jury, "And suddenly, the driver spins toward Officer Stelly with a shiny silver object in his right hand." Green maintains that no evidence supports the proposition that Ronald Green held anything in his hand. Additionally, in closing, Stelly's counsel opined, "And 99 out of a hundred times that Mr. Ronald Green would have

5

had a gun.  Officer Stelly was put in a position and he had no choice. . . . He got caught in the unfortunate circumstance that this one of 99 happened to be him."  Green argues that no evidence supports this statement, which appeals to the juror's emotions by relying on gross generalities.

Stelly retorts that any possible improprieties were remedied when the district court instructed the jury that the attorney's statements are not evidence.

We conclude that permitting these arguments to be made to the jury was not plain error.  Stelly had presented substantial evidence that the area he was patrolling the night of the shooting was a high crime area.  The "99 out of a hundred" statement was in reference to that evidence.  Moreover, the district court instructed the jurors that the statements of counsel were not evidence, and Stelly presented both circumstantial and direct evidence that Ronald Green had the pliers in his hand when he turned to face Stelly.  Considering these facts, Green cannot even establish ordinary error, much less satisfy the more exacting plain error standard we apply to determine the propriety of the challenged actions.  Therefore, admission of Stelly's counsel's arguments resulted in no prejudice to Green's substantial rights.

Inasmuch as Green has failed to show reversible error with respect to her foregoing arguments, we need not reach the question of Green's rights under § 1983 to recover as a parent for the loss of her son's companionship.  The jury found that

6

Stelly did not use excessive force when he shot and killed Ronald Green, so even if Green had such a right under § 1983, she could not recover in this instance.

## V.   Conclusion

We hold that the district court did not abuse its discretion when it admitted evidence concerning the pliers, and we therefore AFFIRM its evidentiary rulings.

We further hold that admitting Stelly's counsel's statements to the jury was not plain error, and we AFFIRM the district court in this respect as well.

AFFIRMED.