# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-40275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL VIVES-MACIAS,

Defendant-Appellant

consolidated with 15-40296

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR LOERA,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-808-21
USDC No. 5:13-CR-808-6

————————————

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

No. 15-40275
c/w No. 15-40296

PER CURIAM:[*]

Miguel Angel Vives-Macias and Edgar Loera appeal following their jury trial convictions of conspiring to import and possess with intent to distribute heroin and methamphetamine (Vives-Macias and Loera) and aiding and abetting others in importing and possessing with intent to distribute heroin (Vives-Macias only). 21 U.S.C. §§ 846, 841, 841(b)(1)(A), 963, 952(a), 960(a)(1), 960(b)(1)(A) & (H); 18 U.S.C. § 2. The district court sentenced Loera to 225 months of imprisonment and Vives-Macias to 188 months, and the court also imposed supervised release and monetary penalties. We affirm.

We reject Vives-Macias's claim that the evidence was insufficient to support his convictions. For a drug conspiracy conviction under either statute, the Government must prove: "(1) an agreement between two or more persons to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003) (construing § 846); *see United States v. Hernandez-Palacios*, 838 F.2d 1346, 1348-49 (5th Cir. 1988) (same for §§ 846 & 963). Witnesses testified that Vives-Macias arranged a driver to bring a Volkswagen Jetta loaded with drugs from Mexico into the United States at Laredo, Texas. Authorities discovered several kilograms of heroin in the vehicle during an inspection. Vives-Macias fails to show that no rational trier of fact could have found him guilty of the essential elements of the conspiracy beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Once the conspiracy was established, [Vives-Macias] could be found liable for all offenses committed in furtherance of the conspiracy while he was a member, as long as the offenses were in the scope of or were a foreseeable consequence of the conspiracy." *United States v. Parrish*, 736 F.2d 152, 157 (5th Cir. 1984) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)). A rational trier of fact could have found that it was foreseeable that Vives-Macias's co-conspirator would import and possess with intent to distribute drugs as a consequence of his conspiring with Vives-Macias to do just that. *See Jackson*, 443 U.S. at 318.

Loera contends that the district court violated his constitutional right to confront the witnesses against him when it generally prohibited recross-examination. Loera does not identify a single instance when he asked to recross-examine a witness but was refused or when he objected to the general limitation. Accordingly, we review for plain error. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). To establish plain error, Loera must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has discretion to correct the error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We have carefully reviewed the trial transcript and conclude that any error did not affect Loera's substantial rights.

Although Loera also argues that the district court improperly excluded evidence as hearsay and that this impinged on his constitutional right to present a defense, any error was harmless given the testimony that the jury nevertheless heard. *See* FED. R. EVID. 103(a); FED. R. CRIM. P. 52(a); *United States v. Towns*, 718 F.3d 404, 407 (5th Cir. 2013). In addition, Loera fails to show that the district court abused its discretion in excluding the testimony of

a 10-year old boy, which had limited probative value and was highly prejudicial.  FED. R. EVID. 403; *Towns*, 718 F.3d at 407.

We reject Loera's claims that the district court plainly erred in instructing the jury regarding the reasonable doubt standard and that this error was compounded by improper closing argument by the prosecutor.  Loera did not object to the instruction or to the prosecutor's argument.  We review for plain error.  *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014); *United States v. Knezek*, 964 F.2d 394, 400 (5th Cir. 1992).

"[T]he use of an unobjected-to pattern jury instruction rarely will rise to the level of plain error." *United States v. Reff*, 479 F.3d 396, 402 (5th Cir. 2007).  The instruction here closely follows the current pattern instruction, and a case on which Loera relies, *United States v. Clayton*, 643, F.2d 1071, 1075 (5th Cir. Unit B 1981), commends the district court's approach.  Thus, Loera fails to show clear or obvious error in the jury instruction.  *See Puckett*, 556 U.S. at 135.  He also fails to identify controlling authority that shows that any error in the prosecutor's closing argument is clear or obvious.  *See id.*

Vives-Macias challenges the district court's application of a two-level leadership or management role enhancement under U.S.S.G. § 3B1.1(c).  Given the trial testimony, we conclude that the district court's factual finding is plausible in light of the record as a whole.  *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

AFFIRMED.

4