**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAMANTHA HILL, | ) | Cr. A. No. 1512001609 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: March 22, 2017

Defendant's Motion in Limine. **DENIED**.
The State's Motion in Limine. **GRANTED.**

## <u>ORDER</u>

Kelly Hicks Sheridan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Misty A. Seemans, Esquire, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

## Background

On November 29, 2015, Defendant Samantha Hill, was in a physical altercation with Jaynera Jones ("Ms. Jones"). Defendant was subsequently indicted for Assault Second Degree and Offensive Touching. On February 29, 2016, the State proffered a video that captured the altercation. The video in question is filmed from a vehicle by the driver of the vehicle at the scene of the altercation. The individual who recorded the video remains unknown. The video is approximately forty-one seconds long, and depicts two females fighting, as well as bystanders on the street watching the altercation. At one point during the video a male bystander attempts to break up the fight. The case was scheduled for trial on July 19, 2016, and Defense requested that the video be excluded from evidence because the State did not proffer the individual who recorded the video as a witness. A jury was selected and sworn, however Defense asked this Court for a continuance because Defense needed time to gather information regarding a possible witness.

## Parties' Contentions

Defense filed a Motion in Limine on August 31, 2016. Defense argues that the video is not admissible at trial because the State is unable to authenticate the recording. Specifically, Defendant's Motion asserts that the State lacks knowledge regarding who took the video, whether the video is of the entire incident, where the

video was taken, or when the video was taken. The State filed a Motion in Limine to introduce the video on September 1, 2016. The State argues that under Rule 901 of the Delaware Rules of Evidence the State is able to properly authenticate the challenged recording. The Court asked the parties to comment on four cases from other jurisdictions that the Court found relevant to the present matter: *Restrepo-Duque*, *Bichiok*, *McNair*, and *Clayton*. The State argues that these four cases support their Motion to admit the video. Defendant, however, contends that these four cases are distinguishable from the case at bar. Defense cites to a 7th Circuit opinion, *Griffin v. Bell*, to support the argument that the State must call the person who made the video to properly authenticate the video.

The State plans to authenticate the video through two witnesses' testimony, Ms. Jones and Officer Cavanaugh. The State contends that Ms. Jones will testify that the video accurately depicts the altercation by describing the clothes she was wearing during the altercation, and the injuries she sustained from the alleged assault. Officer Cavanaugh will testify that Ms. Jones appeared to be victim of a recent assault. He will also describe the clothes she was wearing the day of the incident, and the location of the alleged assault in relation to the background of the video. Defense contends that there is an issue of genuine authenticity because the individual who recorded the video is unknown at this time, and the location and time of the video are also unknown. Defense also suggests that the State's

authenticating witness, Ms. Jones, cannot be a credible witness because she was convicted of making inflammatory claims against a third party in this case, and the Court "cannot be assured that Ms. Jones will not make misidentifications" regarding the video.

## Discussion

Rule 901 of the Delaware Rules of Evidence requires the "authentication or identification as a condition precedent to admissibility," and this requirement is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[1] That is to say that the State is "required to eliminate possibilities of misidentification and adulteration, not absolutely, but as a matter of reasonable probability."[2] Here, the State wishes to authenticate the video recording through testimony of a witness with knowledge, as described in D.R.E. 901(b)(1). Under D.R.E. 901(b)(1), authentication or identification is proper where a party provides testimony from a witness with knowledge "that a matter is what it is claimed to be."[3] Thus, a "piece of evidence may be authenticated by a person with sufficient knowledge of the matter in question, without requiring absolute verification that the record is accurate."[4] Further, "for a genuine question

---

[1] D.R.E. 901(a).
[2] *Fountain v. State*, 2004 WL 1965196, at *2 (Del. Aug. 18, 2004)(citing *Tricoche v. State*, 525 A.2d 151, 153 (Del. 1987)).
[3] D.R.E. 901(b)(1).
[4] *Graves v. State*, 2006 WL 496140, at *2 (Del. Super. Ct. Feb. 2, 2016)(citing *State v. Booker*, 547 A.2d 618 (Del. Super. Ct. 1988)).

of authenticity to exist, a party would need to present facts or testimony sufficient to bring the issue into contention."[5]

The Court finds that the State is able to properly authenticate the video recording under Rule 901 of the Delaware Rules of Evidence. In *State v. Booker*, this Court held that a "contemporaneously recorded video tape may be authenticated as an accurate representation of what was observable upon the television monitor without independent verification that the transmission was accurately reflecting the scene being transmitted."[6] In *Booker*, the defendant objected to the admission of a video tape recording of a shoplifting incident which allegedly involved the defendant.[7] The defendant argued that the State could not admit the video recording because "there [was] no one to authenticate that the camera was, in fact, accurately transmitting" the incident in question.[8] The Court noted that the "issue of accurate transmission by the television camera itself would be an issue going to the weight" rather than admissibility.[9] Although in *Booker* the security guard testified that he pressed record on the camera and the scene "accurately reflected the scene he observed,"[10] Ms. Jones is able to testify that the video accurately depicts the scene of the assault as she experienced it. There is no

---

[5] *Id.*

[6] *State v. Booker*, 547 A.2d 618, 619 (Del. Super. Ct. 1988).

[7] *Id.* at 619.

[8] *Id.*

[9] *Id.* at 620.

[10] *Id.* at 619.

requirement under Delaware law that the individual who recorded the video must testify in order to authenticate the video recording. Rather, 901(b) specifically provides that testimony of a witness with knowledge is enough to conform to the requirements established in D.R.E. 901.[11] Similarly, other jurisdictions have admitted video recordings into evidence without the testimony of an individual filming.[12] The State submitted sufficient evidence to allow a reasonable jury to find that the video is what it claims to be. Defendant's concern regarding Ms. Jones' possible untruthful testimony is an appropriate issue for cross examination. For the aforementioned reasons stated above, the State's Motion in Limine to admit the video recording is hereby **GRANTED**.


**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

The Honorable Calvin L. Scott, Jr.

---

[11] *See* D.R.E. 901(a), (b).

[12] *See Bichiok v. State*, 2014 WL 1017183, at *3 (Alaska Ct. App. Mar. 12, 2014); *U.S. v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981)("Although authentication by eye witnesses is certainly preferable, we do not conclude under the circumstances of this case that the photographs lacked proper authentication."); *U.S. v. McNair*, 439 F.Supp. 103 (E.D. Pa. 1977)(finding that surveillance photographs properly authenticated under F.R.E. 901 where the tellers testified the "photographs were an accurate representation of the robbery scene and participants.").