UNITED STATES, Appellee,

v.

Roberto COLON–PAGAN,
Defendant, Appellant.

No. 92–2314.

United States Court of Appeals,
First Circuit.

Heard April 9, 1993.

Decided Aug. 20, 1993.

James Kousouros with whom Debra K. Kousouros was on brief, for appellant.

Jose A. Quiles, Senior Litigation Counsel, Criminal Division, with whom Daniel F. Lopez–Romo, United States Attorney, and Miguel A. Pereira, Assistant United States Attorney, were on brief, for appellee.

Before BREYER, Chief Judge, SELYA and STAHL, Circuit Judges.

BREYER, Chief Judge.

Roberto Colon–Pagan appeals his conviction for possessing, with intent to distribute, about six kilograms of cocaine. 21 U.S.C. § 841(a)(1). The evidence against him was strong. A drug sniffing dog, working at San Juan's airport, reacted positively to a suitcase marked for a New York flight; drug agents traced the luggage (through its tag) to the appellant, who was sitting in the plane; the agents arrested appellant, questioned him, obtained a search warrant, opened the bag and found the cocaine. Neither the agents, nor the jury, believed appellant's claim that a short fat man had given him $1,000 to take the bag to New York. Despite the strength of this evidence, however, we must order a new trial, for the court's instruction to the jury about the meaning of "reasonable doubt" was seriously erroneous.

---

The court told the jury that the government must prove guilt beyond a "reasonable doubt," which, it said, did not mean guilt "beyond all possible doubt." Rather, that proof meant "proof of such a convincing character that *a person . . . would be willing to rely and act upon it.*" (emphasis added.) Earlier, it had said that in order to convict, "the [evidentiary] scales would have to tip more to the government's side" than in a civil case, where "the plaintiff will prevail if he makes the scale tip just a little bit to the side." It mentioned the presumption of innocence. And, it also said that a "reasonable doubt" is a "doubt based upon reason and common sense." Because appellant's counsel did not object to these instructions at trial, the issue on appeal is whether they contain an error that is "plain" or a "defect[ ]" that "affect[s] substantial rights." Fed.R.Crim.P. 52(b). The underscored language, in our view, amounts to such an error.

The Supreme Court has said that, in applying the "plain error" rule, Rule 52(b), we must ask 1) whether there is an "error," 2) whether the error is "clear" or "obvious," and 3) whether the error "affect[s] substantial rights," which in most cases means that the error was, at a minimum, "prejudicial." *United States v. Olano,* ―― U.S. ――, ―― ――, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). If a defect meets these three criteria, then a court of appeals "has authority to order correction, but is not required to do so." *Id.* at ――, 113 S.Ct. at 1778. The Court has added that the "Court of Appeals should correct" such an error if it " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at ――, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)). And, it has said that an error may do so "independent of defendant's innocence." *Id.*

To define "proof beyond a reasonable doubt" as proof simply that a person "would be willing to rely and act upon" is erroneous. The instruction may give the jury the incorrect impression that it can convict a defendant in a criminal case upon the basis of evidence no stronger than might reasonably support a decision to go shopping or to a movie or to take a vacation. *See, e.g., United States v. Baptiste,* 608 F.2d 666, 668 (5th Cir.1979) (warning courts not to define "proof beyond a reasonable doubt" as the "kind of proof that you would be willing to rely and act upon in the management of your own personal affairs"), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981). Indeed, courts have found unconstitutional reasonable doubt instructions that seem significantly less permissive. *See Cage v. Louisiana,* 498 U.S. 39, 40–41, 111 S.Ct. 328, 329–30, 112 L.Ed.2d 339 (1990) (holding as unlawful instruction that reasonable doubt was "such doubt as would give rise to a grave uncertainty" and "an actual substantial doubt," and that what was required for conviction was a "moral certainty" that the defendant was guilty).

We recognize that the district court may simply have misspoken. It may have meant to refer to a somewhat different standard that appellate courts have not held unlawful, namely a standard that refers to proof the jurors "would be willing to rely and act upon *in the most important of their own affairs.*" *See, e.g., United States v. Gordon,* 634 F.2d 639, 644 (1st Cir.1980) (criticizing, but finding no plain error, in instruction that proof beyond a reasonable doubt is proof "that you would be willing to act on it in the most important decisions that you have to make in your own lives and for yourselves"). Nonetheless, we must consider what the court did say, not what it may have intended to say. And what it did say was clearly wrong. We can find no other relevant instruction that somehow undid that wrong. And, we therefore conclude that, in context, the instruction meets the criteria for "error" and "obviousness." *Cf. Baptiste,* 608 F.2d at 668 (finding no "plain" error where similar instruction limited by context, but warning that such finding would be likely in the future).

We also find that the error "affect[ed] substantial rights." Fed.R.Civ.P. 52(b). While this limitation ordinarily means that the error must at least have been prejudicial, the Supreme Court has "never held that a Rule 52(b) remedy is *only* warranted in cases of actual innocence." *Olano,* ―― U.S. at ――, 113 S.Ct. at 1779 (emphasis in original).

Rather, the Court has stated that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome," or whose prejudice may be presumed. *Id.* at ——, 113 S.Ct. at 1778. The Court has also indicated that an unconstitutional "reasonable doubt" instruction belongs in this category. The Sixth Amendment's right to trial by jury, the Court has explained, requires "a jury verdict of guilty beyond a reasonable doubt." *Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Where a trial court has seriously misdescribed the government's burden of proof, however, "there has been no jury verdict within the meaning of the Sixth Amendment." *Id.* at —— – ——, 113 S.Ct. at 2082. We need not consider the strength of the evidence, therefore, in order to hold that the erroneous instruction "affect[ed] substantial rights."

Finally, we believe that the erroneous instruction, in the context of this case, "seriously" affected the "fairness, integrity or public reputation of judicial proceedings." *Olano,* —— U.S. at ——, 113 S.Ct. at 1779. We can reach this conclusion on the basis of case law. In *Sullivan,* the Supreme Court held that a constitutionally defective "reasonable doubt" instruction constitutes a "structural defect[ ] in the constitution of the trial mechanism." *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2082. In *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), it held that a criminal trial marred by a "structural defect . . . 'cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment [resulting from such a trial] may be regarded as *fundamentally fair.'*" *Id.* at ——, 111 S.Ct. at 1265 (quoting *Rose v. Clark,* 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986)) (emphasis added).

We can also reach this conclusion on the basis of common sense. The erroneous instruction permitted the jury to convict on the basis of evidence that it may have believed sufficient to justify no more than the most ordinary of decisions—not evidence that proved guilt beyond a "reasonable doubt."

The instruction thus significantly weakened what is perhaps the law's greatest, and certainly its best known, safeguard against wrongly convicting an innocent person. In this way, the error "seriously affect[ed]" the "integrity" and "fairness" and, perhaps, the "public reputation of judicial proceedings." *Olano,* —— U.S. at ——, 113 S.Ct. at 1779. Thus, despite the importance, ordinarily, of insisting that counsel object to an error *before* the trial ends (so that the judge can correct it), we have here a case of "plain error," Fed.R.Crim.P. 52(b), which requires a new trial, despite the absence of objection.

*So ordered.*