UNITED STATES of America, Appellee,

v.

**Pablo Juan MERLOS, Appellant.**

No. 91–3213.

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 1993.

---

James S. Arisman, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher and Thomas C. Black, Washington, DC, were on the brief, for appellee.

Leigh A. Kenney, Asst. Federal Public Defender, with whom A.J. Kramer, Federal Public Defender, Washington, DC, was on the brief, for appellant in No. 91–3213. Santha Sonenberg, Asst. Federal Public Defender, Washington, DC, entered an appearance for appellant in No. 91–3213.

Barbara R. Miller, Washington, DC (appointed by the court), for appellant.

Before: EDWARDS and WILLIAMS *, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This disposition is rendered pursuant to a petition for rehearing filed by Pablo Juan Merlos. The petitioner was convicted on two counts of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The conviction was upheld in *United States v. Merlos,* 984 F.2d 1239 (D.C.Cir.1993) ("*Merlos I*"). Merlos now claims that, in light of the Supreme Court's decision in *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), which was issued after the decision in *Merlos I,* his conviction must be overturned because the District Court's instruction to the jury on what constitutes guilt "beyond a reasonable doubt" was legally infirm. Merlos never ob-

---

* The third member of the original panel, then-Judge Ruth Bader Ginsburg, took no part in the disposition of this petition for rehearing.

jected to the disputed instruction at trial, so his claim here is that his conviction should be reversed because the instruction resulted in "plain error." We agree that, in light of *Sullivan,* the harmless error doctrine was inapplicable; however, we hold that, because there was no settled law on the issue at the time of trial, the instruction did not constitute *plain error.*

## I. BACKGROUND

Victor Loriano and petitioner Merlos were tried separately and convicted of selling crack cocaine. At each trial, the District Judge instructed the jury that they could find guilt beyond a reasonable doubt if the evidence caused them to have a "strong belief" in the defendant's guilt. Loriano timely objected to the instruction; Merlos did not. On appeal, we affirmed both convictions on the ground that the reasonable doubt instructions, although constitutionally deficient, were harmless in light of the overwhelming evidence of each defendant's guilt. *Merlos I,* 984 F.2d at 1240.

Shortly after our decision issued, the Supreme Court held in *Sullivan v. Louisiana* that a constitutionally deficient reasonable doubt instruction never can be harmless error. —— U.S. at ——, 113 S.Ct. at 2082. In light of *Sullivan,* we reversed Loriano's conviction and vacated the judgment in *Merlos I* insofar as it pertained to Loriano. *United States v. Loriano,* 996 F.2d 424 (D.C.Cir. 1993) *(per curiam).* In response to Merlos' petition for rehearing, we directed the parties to address the question whether *Sullivan* precludes a court from affirming a conviction based on a constitutionally faulty reasonable doubt instruction to which the defendant failed to object. We now hold that, because it was not plainly erroneous under settled law at the time of trial, the instruction given in Merlos' trial was not plain error.

## II. ANALYSIS

■ In cases in which a defendant properly objects to error occurring at trial, we will reverse unless the error is found to be harmless. *See* FED.R.CRIM.P. 52(a). The "harmless error" test examines whether there was legal error and if so, whether it was prejudi-

cial. *See Merlos I,* 984 F.2d at 1242. In *Sullivan,* the Supreme Court reasoned that the central inquiry of harmless error analysis—whether the jury's verdict would have been different absent the alleged error—is "meaningless" where the error "consists of a misdescription of the burden of proof." *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2082. Thus, the Court opined that there can be no verdict of "guilt beyond a reasonable doubt" if the relevant instruction is erroneous, because the misinstructed jurors necessarily deliberated pursuant to a standard other than "beyond a reasonable doubt." By definition, therefore, the defendant is deprived of his Sixth Amendment right to a jury verdict based on guilt beyond a reasonable doubt. *Id.* at ——, 113 S.Ct. at 2081.

■ Our summary reversal of Loriano's conviction reflects our understanding of *Sullivan*'s mandate: A constitutionally deficient reasonable doubt instruction to which the defendant timely objects never can be harmless error. *See Loriano,* 996 F.2d at 424. Had Merlos objected at trial to the instruction given, we would have no trouble concluding that his conviction also should be reversed under *Sullivan*'s clear holding. In the absence of timely objection, however, we review only for plain error. *See* FED. R.CRIM.P. 52(b).

■ The plain error standard, as recently clarified by the Supreme Court, requires us to determine (1) whether there is unwaived legal error, (2) whether the error is "plain" or "obvious" under current law and (3) whether the error was prejudicial. *United States v. Olano,* —— U.S. ——, ———— ——, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). The scope of review under the plain error doctrine is very narrow, however, for it covers only such error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at ——, 113 S.Ct. at 1779 (quotation omitted).

■ In order to determine the proper disposition of Merlos' petition, we must examine the intersection of *Sullivan* and *Olano.* At the threshold, we note that both harmless error and plain error review require us to determine whether the error was prejudicial.

As *Olano* recognized, this inquiry normally is the same in both cases, but for the fact that under plain error analysis, the burden of persuasion with respect to prejudice rests on the defendant rather than the Government. *Olano*, ⸺ U.S. at ⸺, 113 S.Ct. at 1778. Thus, the central premise of *Sullivan* applies with equal force in the plain error context: where the error consists of a misdescription of the reasonable doubt standard, the court cannot assess the impact of the error on the outcome of the trial because there has been no jury finding of guilt beyond a reasonable doubt in the first instance. The fact that the burden of proof shifts in plain error cases is of no import here, as the analytical task of the reviewing court remains the same.

■ The next question is whether anything in *Sullivan* can be read to alter either of the remaining prongs of plain error review. We think not. *Sullivan* did not dwell on the "error" aspect of harmless error and it could not, of course, speak to the obviousness prong of *Olano*, for obviousness is not an element of harmless error review. We therefore conclude that, as a general matter, *Sullivan* does not preclude an appellate court from affirming the conviction of a defendant who failed to object to a faulty instruction in cases where the error was not "plain" or obvious.

■ In *Merlos I* we found the disputed instruction to be non-prejudicial so we did not consider whether it was "plain." In light of *Sullivan*, we must now consider the plain error issue. Turning to that question, we hold that the error was not "plain" within the meaning of controlling precedents. The second prong of *Olano*'s test is not satisfied unless the instruction given was plainly erroneous under current law at the time of trial. *See Olano*, ⸺ U.S. at ⸺, 113 S.Ct. at 1777 ("[T]he Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law."); *United States v. Blackwell*, 694 F.2d 1325, 1342 (D.C.Cir.1982) ("[T]he lack of prior precedent in the circuit and the novelty of the issue presented militate against" finding plain error.).

Before *Merlos I*, neither this court nor the Supreme Court had held that use of the phrase "strong belief" in a reasonable doubt instruction was erroneous. Although the instruction given at Merlos' trial deviated from the "Redbook" instructions on reasonable doubt and from language which we had characterized as exemplary in a prior case, *see Merlos I*, 984 F.2d at 1241, that alone does not render the error plain. It is true that this court has recognized that even minor variations that tend to create ambiguity may " 'fatally tain[t]' " reasonable doubt instructions. *See id.* (quoting *United States v. Alston*, 551 F.2d 315, 321 (D.C.Cir.1976)). We have also reflected, however, on the danger of "driv[ing] district courts into a ritualistic recital of canned language that numbs the jury." *Id.* We therefore refuse to adopt petitioner's argument that a reasonable doubt instruction may be plain error merely because no court has ever specifically *approved* the instruction. Rather, at least in the context of this case, the relevant inquiry is whether a court has ever *disapproved* the instruction (or any synonymous phrase) or any challenged portion thereof. Because we had never previously held that the phrase "strong belief" impermissibly dilutes the reasonable doubt instruction, its use at Merlos' trial was not plain error.

We do not mean to suggest plain error never can be found absent a prior judicial opinion on the issue in dispute. Some legal norms are absolutely clear (for example, because of the clarity of a statutory provision or court rule); in such cases, a trial court's failure to follow a clear legal norm may constitute plain error, without regard to whether the applicable statute or rule previously had been the subject of judicial construction.

We also note that, with the issuance of *Merlos I*, there was "clear and settled" law in this circuit that use of the phrase "strong belief" in reasonable doubt instructions was erroneous in the absence of adequate offsetting language in the rest of the instructions. Therefore, in future cases, given *Sullivan*'s seemingly unequivocal holding that the prejudice inquiry is "meaningless" when the trial judge has rendered a constitutionally deficient reasonable doubt instruction, the use of the phrase "strong belief" to define guilt beyond a reasonable doubt will, in all likeli-

hood, constitute plain error. We leave that question for another day, however, and hold only that the reasonable doubt instruction given at Merlos' trial, to which petitioner did not timely object, was not plain error. Accordingly, the petition for rehearing is

*Denied.*