**UNITED STATES of America, Appellant,**

v.

**Matthew WEST, Appellee.**

No. 93–3698.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1994.

Decided June 17, 1994.

Steven M. Collaton, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellant.

Michael Irvine, Cedar Rapids, IA, argued, for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.

MAGILL, Circuit Judge.

The government appeals the district court's grant of a new trial after a jury returned a guilty verdict against Matthew West for conspiracy to distribute and possess with intent to distribute lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 841(a)(1) (1988). The district court based its grant of a new trial on its independent discovery of a single jury instruction that it determined lowered the government's burden of proof. We hold that the district court abused its discretion when it analyzed that one jury instruction in artificial isolation and determined that there was a reasonable likelihood that the jury applied a burden of proof less than the "beyond a reasonable doubt" standard. Therefore, we reverse the district court's grant of a new trial.

## I. BACKGROUND

In September 1992, a grand jury charged West with knowingly and unlawfully conspiring with others to distribute and possess with intent to distribute a mixture or substance containing LSD. The case proceeded to trial, and the district court instructed the jury on numerous occasions that in order to convict West the jury must find him guilty beyond a reasonable doubt. The district court gave the jury a proper reasonable doubt instruction. Other instructions in the jury charge properly incorporated the "beyond a reasonable doubt" language to describe and reinforce the government's burden. Further, counsel for both West and the government repeatedly informed the jury that the government had the burden of proving West's guilt beyond a reasonable doubt.

The district court, however, also gave the jury a faulty ancillary instruction (Instruction 5) that explained the difference between direct and circumstantial evidence. Instruction 5 stated:

There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence. Direct evidence is the evidence of the witness to a fact or facts which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

*The law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.*

West's Add. at 7 (emphasis added). Neither party offered Instruction 5 or objected to its inclusion in the final jury charge.

In December 1992, after deliberation, the jury returned a verdict of guilty against West. On December 31, 1992, West filed a motion for a new trial on bases that are not relevant to this appeal. In August 1993, the district court granted a new trial on the sole ground that Instruction 5 improperly lowered the government's burden of proof. The government filed a motion to reconsider. The district court denied the government's motion because it determined that there was a "reasonable likelihood that the jury mistakenly believed that the United States had to only prove 'ultimate facts' ... by a preponderance of the evidence." *United States v. West,* No. 92–0023, slip op. at 5 (N.D.Iowa Oct. 12, 1993) (hereinafter "Dist.Ct.Op."). The district court acknowledged that proper reasonable doubt instructions were given to the jury on a number of occasions, but concluded: "Those assumptions aside, however, the court still finds that the instruction was 'structurally defective' since the instruction

seems to clearly allow a reasonable jury to do more than find 'subsidiary facts' at a reduced preponderance standard." Dist.Ct.Op. at 4. The government timely appealed.

## II. DISCUSSION

This court has jurisdiction over this appeal pursuant to 18 U.S.C. § 3731 (1988). The government argues that the district court abused its discretion in ordering a new trial. Specifically, the government argues that the district court (1) improperly analyzed the effect of Instruction 5 in artificial isolation, and therefore, (2) improperly determined that there was a reasonable likelihood that the jury applied less than the "beyond a reasonable doubt" standard. West argues that (1) the district court properly recognized the structural nature of the alleged error in Instruction 5, and therefore, (2) this court should not consider whether there was a reasonable likelihood that the jury applied Instruction 5 to lower improperly the government's burden of proof.[1] We outline the applicable standards, analyze whether the district court employed the proper legal analysis, and determine whether the district court abused its discretion in granting West a new trial.

We review a district court's grant of a new trial for an abuse of discretion. *United States v. Wang,* 964 F.2d 811, 813 (8th Cir. 1992). "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *United States v. Kramer,* 827 F.2d 1174, 1179 (8th Cir.1987).

The Constitution requires that the government prove beyond a reasonable doubt every element of a charged criminal offense. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). "[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor v. Nebraska,* —— U.S. ——, ——, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). "Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'" *Id.* (quoting *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954)) (alteration by *Victor*).

A jury charge does not correctly convey the concept of reasonable doubt if "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [beyond a reasonable doubt] standard." *Id.* Further, "'[i]n determining the effect of [an] instruction on the validity of [the defendant's] conviction, . . . a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" *Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 1196, 108 L.Ed.2d 316 (1990) (quoting *Boyd v. United States,* 271 U.S. 104, 107, 46 S.Ct. 442, 443, 70 L.Ed. 857 (1926)).

In *Victor v. Nebraska,* the Supreme Court set out the proper procedure for determining whether a reasonable doubt jury instruction was erroneous. —— U.S. at ——, 114 S.Ct. at 1243. The Court reviewed an instruction that, in part, defined a reasonable doubt as "an actual and substantial doubt." *Id.* at ——, 114 S.Ct. at 1249. The Court noted that the quoted language, viewed in isolation,

1. The parties dispute whether the district court should have applied a plain-error analysis to resolve this dispute. Because we hold that there was not a reasonable likelihood that the jury applied Instruction 5 to lower the government's burden of proof, we need not reach this issue. *See Victor v. Nebraska,* —— U.S. ——, ——, 114 S.Ct. 1239, 1249, 127 L.Ed.2d 583 (1994) (reviewing for error a reasonable doubt jury instruction to which defendant failed to object). We note, however, that the circuit courts that have analyzed this issue have applied plain-error review to forfeited claims that a jury was not properly instructed concerning the burden of proof in a criminal case. *See United States v. Washington,* 12 F.3d 1128, 1138 (D.C.Cir.1994); *United States v. Merlos,* 8 F.3d 48, 51 (D.C.Cir. 1993); *United States v. Villagrana,* 5 F.3d 1048, 1053 (7th Cir.1993); *United States v. Goodlett,* 3 F.3d 976, 978 (6th Cir.1993); *United States v. Xavier,* 2 F.3d 1281, 1287 (3d Cir.1993); *United States v. Colon–Pagan,* 1 F.3d 80, 81 (1st Cir. 1993).

was "somewhat problematic," *id.* at ——, 114 S.Ct. at 1250, but held that there was not a reasonable likelihood that the jury would have applied the "substantial doubt" language such that the doubt would be anything other than a reasonable one, *id.* The Court determined that the language surrounding the "substantial doubt" language served to clarify and sanitize that otherwise problematic language. *Id.* The Court also concluded that "[i]n any event, the [reasonable doubt instruction] provided an alternative definition of reasonable doubt" of which the Court had repeatedly approved. *Id.* Thus, the Court held that a proper definition could serve to correct a definition that, if viewed in isolation, was improper.

This court's precedent, which is consistent with *Victor,* also highlights the importance of reviewing an allegedly faulty jury instruction in context with the entire jury charge and the entire trial. *See United States v. McMillan,* 820 F.2d 251, 256 (8th Cir.), *cert. denied,* 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987). In *McMillan,* this court examined a criminal jury instruction that, if viewed in isolation, appeared to remove one element of the government's burden of proof. *Id.* Nevertheless, this court determined that two other proper jury instructions and the context of the whole trial corrected any error in the isolated erroneous instruction, and thus the jury charge as a whole properly conveyed the government's burden to the jury. *Id.* at 256–57.

▮ The district court, however, analyzed the effect of Instruction 5 in isolation. *See* Dist.Ct.Op. at 4. Specifically, the district court stated that it set aside the fact that a proper reasonable doubt instruction was reiterated to the jury on a number of occasions when it determined that Instruction 5 constituted structural error. *Id.* When a single jury instruction is challenged, however, that instruction must be reviewed in the context of the charge as a whole, not in artificial isolation. *Victor,* —— U.S. at ——, 114 S.Ct. at 1243. Thus, by analyzing Instruction 5 in isolation, the district court utilized an inappropriate legal standard to determine whether there was error, *i.e.,* whether there was a reasonable likelihood that the jury applied Instruction 5 to lower the government's burden of proof. *See id.* Having determined that the district court failed to give significant weight to the context of Instruction 5, *see Kramer,* 827 F.2d at 1179 (abuse of discretion where district court fails to give significant weight to relevant factor), we now analyze Instruction 5 under the proper legal standard.

West argues that *Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993), mandates that we affirm the district court's grant of a new trial without analyzing whether there was a reasonable likelihood that the jury applied a burden of proof lower than the "beyond a reasonable doubt" standard. West's Br. at 4, 5. West misinterprets *Sullivan,* and, in doing so, puts the cart before the horse.

In *Sullivan,* the State of Louisiana conceded that the burden of proof instruction, to which Sullivan had objected at trial, was essentially identical to an instruction that already had been held unconstitutional. —— U.S. at ——, 113 S.Ct. at 2080 (citing *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam)). Thus, the *Sullivan* Court started with the proposition that the instruction at issue constituted error, *i.e.,* there was a reasonable likelihood that the jury applied the challenged instruction in an unconstitutional manner. *Id.* at —— & n. 1, 113 S.Ct. at 2081 & n. 1.[2] The *Sullivan* Court then determined that the conceded error in the reasonable doubt jury instruction was not susceptible to harmless error review. *Id.* at ——, 113 S.Ct. at 2082–83.

In contrast, the issue in this case is whether there is a reasonable likelihood that the jury applied Instruction 5 to lower the government's burden of proof. *See Victor,* —— U.S. at ——, 114 S.Ct. at 1243 (analyzing whether reasonable doubt jury instruction

---

**2.** The State of Louisiana attempted to argue that the reasonable doubt jury instruction was not erroneous under the "reasonable likelihood" standard set out in *Boyde v. California. Sullivan,*

—— U.S. at —— n. 1, 113 S.Ct. at 2081 n. 1. The Court declined to consider that argument because the State of Louisiana failed to raise it below. *Id.*

improperly lowered government's burden of proof). This inquiry is qualitatively different from the harmless error inquiry that the *Sullivan* Court condemned. In *Sullivan*, the Court held that once it is established that an erroneous reasonable doubt instruction was given (Step One)—*i.e.*, there is a reasonable likelihood that the jury applied an improper burden of proof—a harmless error review is never appropriate (Step Two). This case involves an inquiry into Step One, whether the challenged instruction resulted in error, not Step Two. Therefore, in contrast to *Sullivan*, we must first determine whether Instruction 5 resulted in error, *i.e.*, whether there is a reasonable likelihood that the jury applied Instruction 5 in an unconstitutional manner.

Viewed in artificial isolation, the preponderance language of Instruction 5 improperly lowers the government's burden of proof. Instruction 5, however, must be viewed in the context of the jury charge as a whole, *see Victor*, —— U.S. at ——, 114 S.Ct. at 1243, and in the context of the whole trial, *see McMillan*, 820 F.2d at 256; *see also United States v. Park*, 421 U.S. 658, 674–75, 95 S.Ct. 1903, 1912–13, 44 L.Ed.2d 489 (1975). Viewed properly in this context, we hold that there is not a reasonable likelihood that the jury applied Instruction 5 unconstitutionally. *See Victor*, —— U.S. at ——, 114 S.Ct. at 1250.

■ The context of Instruction 5 compels the conclusion that there is not a reasonable likelihood that the jury applied Instruction 5 to lower the government's burden of proof. First, Instruction 5 did not purport to define the government's burden of proof; rather, Instruction 5 was an ancillary instruction that explained that the law makes no distinction between direct and circumstantial evidence. *Cf. Boyde*, 494 U.S. at 380–81, 110 S.Ct. at 1198 ("Jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might."). Second, the jury received a proper instruction defining the concept of

reasonable doubt. *See Victor*, —— U.S. at ——, 114 S.Ct. at 1250 (holding that proper reasonable doubt definition corrected potentially problematic reasonable doubt definition); *McMillan*, 820 F.2d at 256–57 (proper instructions corrected admittedly improper instruction); *cf. United States v. Colon-Pagan*, 1 F.3d 80, 81 (1st Cir.1993) (ordering new trial where court could "find no other relevant instruction that somehow undid" the erroneous reasonable doubt instruction). Third, the district court properly incorporated the government's burden of proof into numerous other jury instructions that properly explained the elements of the crimes and the government's burden of proof. *See Victor*, —— U.S. at ——, 114 S.Ct. at 1250; *McMillan*, 820 F.2d at 256–57.[3] Thus, within the context of the entire jury charge, it is not reasonably likely that the jury applied Instruction 5 in an unconstitutional manner.

Further, the context of the trial also makes unlikely a determination that a jury applied less than a reasonable doubt standard. *See id.* (stating that jury "charge is to be read in the context of the whole trial"); *see also Boyde*, 494 U.S. at 383, 110 S.Ct. at 1199–1200; *Park*, 421 U.S. at 674–75, 95 S.Ct. at 1912–13. Beginning with the voir dire and continuing through the final jury charge, the district court repeatedly and accurately described the government's burden of proof as being beyond a reasonable doubt. Further, the district court explicitly explained to the jury the difference between the burden of proof in a criminal and a civil trial. Although afforded less weight, the statements of counsel also reinforced that the government's burden of proof was beyond a reasonable doubt. Viewed within the context of the trial as a whole, it is not reasonably likely that the jury applied Instruction 5 to lower improperly the government's burden.

Finally, in order to apply Instruction 5 to lower improperly the government's burden of proof, the jury would have needed to take numerous unlikely actions. The jury would have had to: (1) disregard Instruction 7 which correctly defined "reasonable doubt," Gov't's Br.Add. at 14; (2) disregard Instruction 8, which alerted the jury to West's presumption of innocence, a presumption that

---

**3.** West's reliance on the district court's instruction that *"all* instructions, whenever given and whether in writing or not, must be followed," Gov't's App. at 150, does not result in a different conclusion. Rather, that instruction reinforces the importance of the context of all of the instructions given at trial, both oral and written.

could "be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged," *id.* Add. at 16; (3) disregard Instruction 9, which properly set out the elements of conspiracy to distribute and possess with intent to distribute LSD and alerted the jury that to convict West "the United States must prove each of these essential elements beyond a reasonable doubt," *id.* Add. at 19; (4) disregard ancillary Instructions 13 and 26, which also reinforced that the government's burden was beyond a reasonable doubt, *id.* Add. at 167, 180; (5) disregard the statements of the district court throughout the trial that consistently admonished the jury to require the government to prove the elements of the crime beyond a reasonable doubt; and (6) disregard the statements by counsel for West and the government—made against the government's interest—that explained that the government's burden was to prove the essential elements beyond a reasonable doubt.

In short, in order to apply Instruction 5 in an unconstitutional manner, the jury would have had to disregard numerous jury instructions, the directions of the district court made throughout trial, and the statements of both attorneys. Viewed in this proper context, we conclude that there is no reasonable likelihood that the jury applied Instruction 5 to lower improperly the government's burden of proof. Therefore, we hold that the district court abused its discretion when it ordered a new trial.

## III. CONCLUSION

For these reasons, we reverse the judgment of the district court.