USCA1 Opinion

 

 November 4, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1669 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. DAVID SUSTACHE RIVERA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Benny Frankie Cerezo, by Appointment of the Court, and Law ______________________ ___ Offices of Benny Frankie Cerezo on brief for appellant. _______________________________ Miguel A. Pereira, Assistant United States Attorney, Guillermo __________________ _________ Gil, United States Attorney, and Jose A. Quiles-Espinosa, Senior ___ ________________________ Litigation Counsel, on brief for the United States. ____________________ ____________________ Per Curiam. In December 1992, David Sustache Rivera was __________ indicted for armed car jacking in violation of 18 U.S.C. 2119(1). In January 1993, Sustache was indicted separately for two additional car jackings in violation of the same statute. In one of these two, serious injury had resulted to a victim, and the government also invoked 18 U.S.C. 2119(2) providing for an additional penalty in such cases. On March 9, 1993, Sustache appeared to enter a guilty plea in all three cases which had been consolidated for trial. By then Sustache had been examined by a psychologist who reported that he was competent to stand trial. Nevertheless, when defense counsel expressed some reservation about Sustache's "thorough understanding of all the proceedings," the court asked Sustache why he wanted to plead guilty, and Sustache replied: "I don't remember." The district court then said that it was satisfied based on the psychologist's report that Sustache was competent to stand trial. The court said that it was unwilling to accept a guilty plea from a defendant who said that he could not remember why he was pleading guilty. When defense counsel again urged the court to inquire about a guilty plea, the court questioned the defendant further. Ultimately defendant asserted that he had not committed the crimes charged in the indictments. -2- -2- The court then ordered the jury to be summoned and, without any objection from defense counsel, the trial commenced. There was extensive testimony as to each of the three car jackings including an eye witness identification of Sustache by a different witness in each of the three cases. On March 11, 1993, the jury found Sustache guilty on all counts. In May 1993, the district court sentenced him to 444 months' imprisonment. On this appeal, Sustache's appellate counsel, who also represented Sustache at trial, makes two main arguments. The first is that two of the three identifications of Sustache at trial were flawed. The flaws, according to the counsel, were violations of provisions of Puerto Rico's Rules of Criminal Procedure. The provisions in question are designed to prevent suggestive identifications and preserve records of the identification process. The government responds that none of these objections to the identifications were made in advance of trial as required by Fed. R. Crim. P. 12(b)(3), which specifies that motions to suppress evidence be raised prior to trial. Among other reasons, this requirement protects the government's right to appeal the grant of the suppression motion before jeopardy has attached. Consonantly, the failure to raise such an issue by pre-trial motion waives the claim. See United ___ ______ States v. Gomez-Benabe, 985 F.2d 607 (1st Cir. 1993). ______ ____________ -3- -3- In a reply brief, Sustache's counsel argues "that defendant was not granted the opportunity to file a motion to suppress"; the gist of the argument is that Sustache and his counsel came to court on March 9, 1993, expecting to plead guilty and were surprised to find the case was proceeding to trial at once. Defense counsel refers us to Fed. R. Crim. P. 12(f)'s provision allowing the district court "for cause shown" to relieve any defendant from waiver. Rule 12(f) gives authority to the district court, and there is no indication that defendant ever sought to invoke it there. Further, when the district court ordered the case to trial forthwith, defense counsel did not object that he was unprepared or needed additional time to file motions. Nothing in the reply brief in this court even attempts to describe the deadlines for pre-trial motions that were applicable to this case. So far as we can tell from the record, the claimed "lack of opportunity" to move to suppress is an afterthought. Nor is there any basis for asserting plain error. The provisions invoked by counsel related to identifications under local law, and identifications in federal court are governed by federal law. United States v. Sutherland, 929 ______________ __________ F.2d 765 (1st Cir.), cert. denied, 112 S. Ct. 83 (1991). In ____________ this case the identifications were carried out by local officials before the case was transferred to federal -4- -4- authorities. There is no indication that federal officials were seeking to circumvent local protections or take advantage of any flagrant abuse. See United States v. Pratt, ___ _____________ _____ 913 F.2d 982 (1st Cir. 1990), cert. denied, 111 S. Ct. 681 ____________ (1991). The identifications may or may not have been somewhat suggestive; the defense version of what happened is not based on any district court findings since the lack of a suppression motion meant no ruling on the issues was ever required. The fact that there were three separate identifications, one of which is not even claimed to be tainted, strongly suggests that this is not a case that can be described as a miscarriage of justice. See United States ___ _____________ v. Olano, 113 S. Ct. 1770 (1993). _____ Sustache's other independent claim of error requires less discussion. In his opening brief, Sustache's counsel says that the district court committed reversible error by instructing the jury that reasonable doubt meant "proof of such convincing character that a person would be willing to rely and act upon it." Although no objection was taken to any part of the reasonable doubt instruction given at trial, counsel correctly asserts that the quoted language is akin to an instruction found to constitute plain error. See United ___ ______ States v. Colon Pagan, 1 F.3d 80 (1st Cir. 1993). ______ ___________ -5- -5- The difficulty is that we cannot find the quoted language in any portion of the court's two sets of instructions on reasonable doubt; one was given in preliminary instructions prior to testimony, and the other was delivered in a somewhat different form at the close of the evidence. Although counsel's brief uses the language just quoted and later paraphrases the alleged instruction, neither reference is accompanied by any record citation. The government's brief asserts that the alleged language was not used, and we have no reason to disagree. Sustache's brief also draws our attention to the district court's statement that "[a] reasonable doubt is a doubt based upon reason and common sense." The statement that a reasonable doubt is a doubt based upon reason and common sense is widely used in pattern instructions, see 1 L. ___ Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury ___________________ Instructions 4.01, at 4-8 (1994), and Sustache offers no ____________ basis for thinking that this reference was error, let alone plain error. The trial judge also said that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty." But the fact that one form of "convince" was used both in the Colon-Pagan instruction and ___________ in this case does not assist defense counsel, although it may explain the mistaken claim that the instruction here is the -6- -6- one condemned in Colon-Pagan. As that case makes clear, the ___________ problem in Colon-Pagan was not with the word "convincing" but ___________ with the suggestion that a reasonable doubt would not exist so long as "a person . . . would be willing to rely and act upon" the proof presented. See 1 F.3d at 81. ___ The "firmly convinced" phrasing has been used in a Ninth Circuit pattern instruction and in the Federal Judicial Center's pattern instructions, see Sand, supra, 4.01, at 4- ___ _____ 15 & n.33; and while its use may be limited, we have ourselves upheld a somewhat similar statement that equates a reasonable doubt with jurors' inability to "say that they have a settled conviction of the truth of the charge." E.g., ____ United States v. O'Brien, 972 F.2d 12, 15-16 (1st Cir. 1992). _____________ _______ See also Victor v. Nebraska, 114 S. Ct. 1239, 1253 (1994) ________ ______ ________ (Ginsburg, J., concurring). We certainly have no occasion to revisit the issue here where no direct criticism is offered of the "firmly convinced" language. Finally, we note that Sustache's counsel, having moved to dispense with oral argument on the ground that there was no need for it, thereafter submitted to the court a "supplemental brief in lieu of oral argument." This brief elaborates a number of the points previously argued in the opening and reply briefs. Since no motion for leave to file this additional brief was submitted, we cannot deny the -7- -7- motion, but we do decline either to docket or consider this impermissible filing. Affirmed. ________ -8- -8-