52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Leavander WILLIAMS, Appellant.
 No. 94-3335
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 11, 1995
Filed: Apr. 26, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leavander Williams appeals his conviction and the sentence the district court[1] imposed on him for two counts of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 At trial, an informant testified that he made two controlled purchases of crack cocaine from Williams in August 1993. His testimony was corroborated by local and federal law enforcement agents who oversaw the purchases, and by audio tape recordings of the purchases. At closing argument, the Assistant United States Attorney explained that the government had the burden of proving guilt beyond a reasonable doubt. In the court's charge to the jury, the court stated that "the defendant is presumed to be innocent"; "[t]he presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves beyond a reasonable doubt each essential element of the crime charged"; and "[t]here is no burden on a defendant to prove that he is innocent." The court repeatedly stated that the government had to prove every element beyond a reasonable doubt. The court then gave its instruction on reasonable doubt:
 
 
 3
 Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If, on the other hand you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find the Defendant not guilty.
 
 
 4
 The jury found Williams guilty on both counts, and the court subsequently sentenced him to two concurrent 88-month prison terms and five years supervised release.
 
 
 5
 On appeal, Williams argues that this jury instruction, which is nearly identical to Pattern Criminal Jury Instruction 21 from the Federal Judicial Center, impermissibly lowered or shifted the government's burden of proof by including the "real possibility" language in the last sentence. Because he did not object at trial, we review only for plain error affecting his substantial rights. See United States v. Ryan, 41 F.3d 361, 366 (8th Cir. 1994) (en banc), pet. for cert. filed, 60 U.S.L.W. 3583 (Jan. 30, 1995) (No. 94-1291); Fed. R. Crim. P. 52(b).
 
 
 6
 The Constitution does not require that district courts define the "beyond a reasonable doubt" standard, nor does it require that "any particular form of words be used in advising the jury of the government's burden of proof." Victor v. Nebraska, 114 S. Ct. 1239, 1243 (1994). Rather, the jury charge, taken as a whole-and with no particular part of the instructions viewed in artificial isolation-must correctly convey to the jury the concept of reasonable doubt. Id.; United States v. West, 28 F.3d 748, 750-51 (8th Cir. 1994). We hold that the charge, viewed as a whole, correctly instructed the jury that it could convict Williams only if it believed, based on the evidence, that he was guilty beyond a reasonable doubt. Other circuits have addressed similar challenges to the "real possibility" language and upheld the pattern jury instruction. See, e.g., United States v. Reese, 33 F.3d 166, 171-72 (2d Cir. 1994), cert. denied, 115 S. Ct. 756 (1995); United States v. Williams, 20 F.3d 125, 131-32 (5th Cir.) ("real possibility" language merely explains that jury is "not to acquit a defendant if it can conceive of any possibility that the defendant is not guilty"), cert. denied, 115 S. Ct. 239 (1994); United States v. Taylor, 997 F.2d 1551, 1556-57 (D.C. Cir. 1993) ("real possibility" language does not shift burden to defendant).
 
 
 7
 Given this court's recent pronouncements in United States v. Clary, 34 F.3d 709, 713-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995), and United States v. Maxwell, 25 F.3d 1389, 1396-97 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994), we reject Williams's argument that the 100-to-1 ratio between the penalties for crack cocaine and cocaine powder violates the Equal Protection Clause.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas