80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Garicka Lafayette TYREE, Appellant.
 No. 90-3127.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 23, 1996.
 
 Before: SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on appeal from the United States District Court for the District of Columbia. Having considered the record from that court and the briefs and arguments of counsel, the court is satisfied that the appropriate disposition of this case does not require a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Garicka Tyree appeals from his conviction in 1990 for distribution of phencyclidine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iv) (1988), on the ground of instructional errors. Specifically, he contends that the district court plainly erred with respect to (1) the reasonable doubt instruction, where the court referred to an "abiding belief" of guilt and only thereafter instructed that a reasonable doubt is a doubt "as would cause a reasonable person to hesitate or pause in the graver or more important transactions of life," (2) the instructions that there were two types of evidence from which the jury could "find the truth as to the facts of a case," and that "if there is any conflict in the testimony, it is your function to resolve the conflict and to determine whether the truth lies."
 
 
 3
 Our decision in United States v. Merlos, 8 F.3d 48 (D.C.Cir.1993), cert. denied, 114 S.Ct. 1635 (1994), is dispositive of Tyree's first claim of instructional plain error. When the jury was instructed, the instruction of which Tyree complains had never been disapproved. Id. at 51. Similarly, his other claims of instructional error fail inasmuch as the instructions were part of the standard jury instructions and had not been disapproved. Id.; Bar Association of the District of Columbia, Young Lawyers' Section, Criminal Jury Instructions, Instruction 2.10 (4th ed. 1993) (Direct and Circumstantial Evidence) and Instruction 2.11 (Credibility of Witnesses). Tyree's reliance on United States v. Rawlings, --- F.3d ---- (No. 93-3188, D.C.Cir. Jan. 19, 1996), is misplaced. In that case, the court found serious deficiencies in the instructions on the elements of the offense. Id. at ---- [slip op at 7]. By contrast, in the instant case, the district court provided the correct reasonable-doubt definition to the jury immediately following the objected-to sentence. In Rawlings, the court also noted that the district court emphasized the dichotomy between the government and defense versions and that the jury had to decide what really happened. Id. at ---- [slip at 4]. By contrast, in the instant case, the instructions left it to the jury to decide if there was a conflict. For these reasons, we find no plain error. United States v. Olano, 113 S.Ct. 1770, 1776 (1993). Accordingly, it is
 
 
 4
 ORDERED AND ADJUDGED that the judgment of the district court is affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41.