99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
William J. EBERT, Appellant.
 No. 96-3005.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1996.
 
 Before: EDWARDS, Chief Judge; HENDERSON and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the judgment of the district court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 On May 23, 1995, appellant William J. Ebert, a former FBI Special Agent, entered an agreement with the government to plead guilty to one count of making false statements in violation of 18 U.S.C. § 1001. In addition, he stipulated that the government's loss attributable to the offense was $29,900, warranting a four-point enhancement of his offense level under U.S.S.G. §§ 2F1.1(b). For its part, the government agreed not to seek enhancement of the offense level for breach of public trust under U.S.S.G. § 3B1.3. The district court accepted Ebert's guilty plea and on December 18, 1995 sentenced him to five months' imprisonment followed by two years of supervised release, based on an offense level of twelve that included a two-point enhancement for breach of trust and a four-point enhancement for the government's loss. Ebert now appeals both of the enhancements.
 
 
 5
 First, Ebert argues his offense level was improperly increased two points for breach of public trust under U.S.S.G. § 3B1.3. Ebert does not dispute that he abused a position of public trust or that the abuse facilitated his offense. Nevertheless, he contends the guidelines prohibit the enhancement here because "breach of trust" is "included in the base offense level or specific offense characteristic." See U.S.S.G. § 3B1.3. We disagree. In United States v. Broumas, 69 F.3d 1178 (D.C.Cir.1995), this court rejected a similar argument by a bank officer convicted of bank fraud in violation of 18 U.S.C. § 656. The Broumas court reasoned that the underlying statutory offense (theft, embezzlement or misapplication of bank funds by "officer, director, agent or employee" of banking institution) did not necessarily encompass breach of trust because section 656 applies to any bank employee, not simply to one who holds a position of trust. Id. at 1182. Similarly here, section 1001 can be violated by anyone making a false statement "in any matter within the jurisdiction of any department or agency of the United States," not only by someone in a position of trust. Thus, in accordance with Broumas, we uphold the two-point enhancement as not clearly erroneous. See United States v. White, 1 F.3d 13, 18-19 (D.C.Cir.1993) (finding of abuse of trust should be upheld if "not clearly erroneous").
 
 
 6
 We also affirm the district court's four-point enhancement based on the government's $29,900 loss. Because Ebert did not object to the increase below, we review it only for plain error. See United States v. Childress, 58 F.3d 693, 724 (D.C.Cir.1995) (reviewing amount of drugs attributed at sentencing for "plain error"). Both the fact and the amount of the government's loss are supported by the record, including the detailed findings of the presentencing report, the terms of the plea agreement and Ebert's own factual stipulations. We therefore conclude the district court committed no "plain" or "obvious" error when it increased Ebert's offense level for the loss. See United States v. Merlos, 8 F.3d 48, 51 (D.C.Cir.1993).